**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

————————————————————————

JUSTIN HINK,

                                        Plaintiff,

      v.

SEAN P. DUFFY, Secretary of Transportation,

                                        Defendant.

No. 1:24-CV-0279
(BKS/PJE)

————————————————————————

**APPEARANCES:**                    **OF COUNSEL:**

Cooper Erving & Savage LLP          PHILLIP G. STECK, ESQ.
20 Corporate Woods Boulevard, Ste. 501
Albany, New York
Attorneys for plaintiff

DOJ-USAO                            FORREST T. YOUNG, ESQ.
100 S. Clinton Street, Ste. 900
Syracuse, New York 13261
Attorneys for defendant

**PAUL J. EVANGELISTA**
**U.S. MAGISTRATE JUDGE**

**DECISION & ORDER**

## I. Introduction

The discovery dispute presently before the Court concerns the scope of comparator evidence in an employment-discrimination case. *See* Dkt. No. 33. Plaintiff seeks information regarding other FAA employees who participated in Treatment Rehabilitation Programs after alcohol-related misconduct. *See id.* Defendant objects that the requests seek sensitive nonparty medical records, encompass employees who

1

are not proper comparators, and, in some instances ,require the creation of information the agency does not maintain.  *See* Dkt. No. 38.

The Court concludes that Plaintiff is entitled to some, but not all, of the discovery he seeks.  Although Plaintiff need not establish at the discovery stage that proposed comparators are similarly situated in all material respects, the requests must still be reasonably tailored and proportional to the needs of the case.  As some of Plaintiff's requests satisfy that standard and others do not, as discussed in greater detail below, the motion is granted in part and denied in part.

### A. **Nature of the Motion**

Plaintiff moves to compel responses to (1) interrogatories one through three,[1] which seek statistical information concerning FAA employees enrolled in Treatment Rehabilitation Programs ("TRPs"); and (2) Document Request No. 29, which seeks comparator information relating to another FAA employee who participated in TRPs. *See* Dkt. Nos. 33 at 1, 33-1 at 2, Dkt. No. 33-2 (sealed).  Further, Plaintiff seeks, for the first time in his motion to compel, production of comparator evidence

> concerning (1) all air traffic controllers in the Eastern and Great Lakes Regions who, while under a letter of termination pending completion of a treatment rehabilitation plan (TRP), were found to have failed their TRP but were nonetheless not terminated from employment, and (2) any other air traffic controller in the Eastern and Great Lakes Regions who was terminated for failure to accept their status as an alcoholic or refused to commit to abstain from alcohol.

Dkt. No. 33 at 1.

Plaintiff argues that this comparator evidence is relevant to his discrimination and retaliation claims, that comparator discovery is liberally permitted at the discovery stage,

---

[1] Plaintiff's motion to compel includes Interrogatory Request Number ; however, Interrogatory Request Four was withdrawn. *See* Dkt. No,. 33-1 at 2 (sealed).

2

and that Defendant is improperly attempting to impose a more exacting standard on discovery. *See generally* Dkt. No. 33-16.

Defendant maintains that Plaintiff's requests are irrelevant, overbroad, unduly burdensome, and have changed over time; that the records Plaintiff seeks are highly sensitive non-party medical records; and that Plaintiff has failed to identify similarly-situated comparators. *See generally* Dkt. No. 38.

## II. **Governing Legal Standards**

### A. **Scope of Discovery Under Rule 26(b)(1)**

Unless otherwise limited by court order, the scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1).

> Information is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Relevance is a matter of degree, and the standard is applied more liberally in discovery than it is at trial.

*N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc.*, 325 F.R.D. 36, 47 (E.D.N.Y. 2018) (quoting *Vaigasi v. Solow Mgmt. Corp.*, No. 11 Civ. 5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016)).  "To meet the initial burden, the moving party must 'demonstrate at least the possibility of a nexus between the information sought and the claims or defenses of a party[,]' which is a 'relatively low threshold.'"  *Sw. Payroll Serv., Inc. v. Pioneer Bank,* No. 1:19-CV-01349 (FJS/CFH), 2024 WL 6967376,

at *1 (N.D.N.Y. Feb. 27, 2024) (citing *United States ex rel. Rubar v. Hayner Hoyt Corp.*, No. 5:14-CV-830 (GLS/CFH), 2018 WL 4473358, at *2 (N.D.N.Y. Sept. 18, 2018) (quoting *Member Services, Inc. v. Security Mut. Life Ins.*, 3:06-CV-1164 (TJM/DEP), 2007 WL 2907520, at *4 (N.D.N.Y. Oct. 3, 2007))).

"Once the requesting party has made a *prima facie* showing of relevance, 'it is up to the responding party to justify curtailing discovery.'" *N. Shore-Long Island Jewish Health Sys., Inc.*, 325 F.R.D. at (quoting *Fireman's Fund Ins. Co. v. Great American Ins. Co. of New York*, 284 F.R.D. 132, 134 (S.D.N.Y. 2012)).

> When objecting to a request for discovery, it is the objecting party's burden to show "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, [unduly] burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."

*Sw. Payroll Serv., Inc.*, 2024 WL 6967376, at *1 (citing *Olin v. Rochester City Sch. Dist.*, 18-CV-6006 MAT-JWF,2019 WL 4643594, at *3 (W.D.N.Y. Sept. 24, 2019) (quoting *Ruran v. Beth El Temple of W. Hartford, Inc.*, 226 F.R.D. 165, 167 (D. Conn. 2005)). "Proportionality and relevance are 'conjoined' concepts; the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate." *Vaigasi*, 2016 WL 616386, at *14.

## B. **Employment Discrimination Cases**

The Second Circuit has recognized that Plaintiffs in employment discrimination cases may meet their evidentiary burden through comparator evidence by showing that similarly-situated employees outside their protected class received more favorable treatment. *See Graham v. Long Island R.R.*, 230 F.3d 34, 39-40 (2d Cir. 2000). "Whether the plaintiff and these comparator employees are similarly situated in all

material respects will vary from case to case, and while the plaintiff's and comparator's circumstances must bear a reasonably close resemblance, they need not be identical." *Carris v. First Student, Inc.*, 682 F. App'x 30, 32 (2d Cir. 2017) (summary order) (internal quotations and citations omitted).  "For a disparate treatment claim based on an employer's imposition of lighter discipline for comparators' misconduct, the determination whether the comparators' offenses were of "comparable seriousness requires—in addition to an examination of the acts—an examination of the context and surrounding circumstances in which those acts are evaluated*." Id.* (quoting *Graham*, 230 F.3d at 40).  "An employee is similarly situated to co-employees if they were (1) subject to the same performance evaluation and discipline standards and (2) engaged in comparable conduct."  *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 493-94 (2d Cir. 2010) (quoting *Graham*, 230 F.3d at 40)).

## C.  **Rule 37 Motion**

Rule 37(a)(3) provides:

(3) Specific Motions

> (B) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer . . . This motion may be made if:
> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
> (iv) a party fails to produce documents . . . as requested under Rule 34.

FED. R. CIV. P. 37(a)(3)(B)(iii), (iv).

The Court possesses broad discretion in resolving discovery disputes and in fashioning limitations designed to balance the need for disclosure against competing concerns of burden, proportionality, and confidentiality.  *See In re Subpoena Issued to*

5

*Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003) (noting district courts have broad discretion to manage the manner in which discovery proceeds.); *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 51 (2d Cir. 2004) (recognizing the district court's "wide discretion" in handling pretrial discovery).

### III. **Discussion**

Plaintiff asserts disability discrimination and retaliation theories, accusing Defendant of improperly treating him after he tested positive for alcohol while on duty as an air traffic controller, and thereafter, when he allegedly tested positive for alcohol during his participation in a Treatment Rehabilitation Program. *See* generally Dkt. No. 20.  Consequently, Plaintiff is seeking responses to Interrogatory Requests one through three and Document Production Demand 29.  *See* Dkt. Nos. 33 at 1, 33-1 at 2. In addition, Plaintiff seeks comparator evidence concerning (1) all air traffic controllers in the Eastern and Great Lakes Regions who, while under a letter of termination pending completion of a treatment rehabilitation plan (TRP), were found to have failed their TRP but were nonetheless not terminated from employment, and (2) any other air traffic controller in the Eastern and Great Lakes Regions who was terminated for failure to accept their status as an alcoholic or refused to commit to abstain from alcohol. Dkt. No. 33 at 1.

### A. **Interrogatories One through Three**

Interrogatory number one seeks statistical information on "how many Air Traffic Controllers and or FAA employees are signatories to and bound by more than one TRP while under supervision or evaluation . . ." of five named individuals. Dkt. No 33-1 at 2 ¶1.  Interrogatory number two requests statistical information, seeking, "how many Air

Traffic Controllers under the sdaniel upervision [sic] or evaluation" of the same five named individuals "have an active TRP currently." *Id.* at ¶2.  Interrogatory number three requests statistical information stating, "how many Air Traffic Controllers under the supervision or evaluation of," five named individuals are "Diabetics for each of two categories: (insulin dependent and (b) Type 2."  *Id.*

Plaintiff's motion does not explicitly state how the aggregate numbers would be relevant to prove his claims.  Implicitly, Plaintiff appears to contend that the information may assist him in identifying potential comparators and evaluating whether similarly-situated employees were treated differently.  Defendant asserts that the requested statistical information is irrelevant to Plaintiff's claims, does not exist in the form sought, would require a substantial manual review of employee records, and is not proportional to the needs of the case.

The Court agrees with Defendant.  Interrogatory numbers one through three do not seek information concerning identifiable employees or specific comparator groups. Instead, they seek broad statistical compilations spanning an unidentified period of years, apparently limited to two large geographical areas, presumably by the identified supervisors or evaluators identified in the interrogatories.  As defendant points out, "it makes no difference to the merits of this litigation whether Defendant's response to Interrogatories 1 through 3 is 8 employees or 800 employees." Dkt. No. 38 at 12. Aggregate counts of employees who participate in TRPs, who were subject to more than one TRP, or who possessed certain medical conditions, would not reveal whether those employees were engaged in conduct comparable to Plaintiff, were subject to the

7

same decisionmakers, were evaluated under similar circumstances, or received different treatment for comparable reasons.

Further, Defendant asserts that he does not currently maintain or possess the summary data Plaintiff requests. The Court declines to compel Defendant to create the statistical data requested. *See E.E.O.C. v. Carrols Corp.*, 215 F.R.D. 46, 52 (N.D.N.Y. 2003) (declining to compel creation of statistical information where the plaintiff did not keep or maintain information sufficient to respond" to statistical request).  To do so would require Defendant's staff to conduct an extensive manual review of employee files and compile the statistics Plaintiff requests. *See* Romano Decl., Dkt. No. 38-1 at 5, ¶¶24-26.  Even assuming some minimal relevance in the requested statistics, balancing the likely benefit of the demanded discovery against the burden of locating, reviewing, creating, and compiling the statistical information does not justify the effort required to comply with the demands, and, thus, is not proportional to the needs of the case.

For these reasons, Plaintiff's motion to compel responses to interrogatories one, two, and three is denied.

### B.  Plaintiff's Request for Comparator Documents

Plaintiff's motion presents two distinct issues concerning comparator discovery.  First, Plaintiff seeks an order compelling Defendant to produce records concerning categories of FAA employees that Defendant contends were not identified in any document request previously served under Rule 34.  Second, Plaintiff seeks to compel Defendant to respond to Document Request Number 29, which was served during discovery and seeks records concerning a particular employee whom Plaintiff identifies as a comparator.  The Court addresses these issues separately.  As explained below, to

the extent Plaintiff's motion seeks to compel production of documents that were not encompassed within a discovery request previously served on Defendant, the motion is denied. The Court will, however, consider on the merits whether Defendant must produce documents responsive to Request Number 29.

### 1. **Comparator Discovery Not Previously Requested**

A motion to compel under Rule 37 is a mechanism for enforcing a discovery request that has been properly served and to which the responding party has failed to provide an adequate response.  It is not a vehicle for propounding new discovery requests.  Thus, a party generally may not seek to compel documents that were not previously requested during discovery. *See generally ML-CFC 2007-6 Puerto Rico Props., LLC v. BPP Retail Props. LLC*, No. CV17-1199 (RAM), 2022 WL 2314558, at *18 (D.P.R. June 28, 2022), *report and recommendation adopted as modified sub nom. ML-CFC 2007-6 Puerto Rico Props., LLC. v. BPP Retail Props., LLC*, No. CV 17-1199 (RAM), 2022 WL 2901739 (D.P.R. July 22, 2022) (concluding, "It should be clear by now that the Court cannot compel a party to produce that which it was never asked to produce before."); *see also Taylor v. O'Hanneson*, No. 11-CV-00538, 2014 WL 2696585, at *3 (E.D. Cal. June 13, 2014) (concluding that a plaintiff "cannot seek by way of motion to compel a document that was never requested prior in the course of discovery"); Johnson v. Hughes, No. 3:19CV508 (JBA), 2023 WL 2206639, at *3 (D. Conn. Feb. 24, 2023) (denying motion to compel where documents sought were not responsive to original request for production; "Because the documents were not within the scope of RFP # 2, Defendants had no obligation to produce them, and Plaintiff points to nothing in the record that demonstrates otherwise. Thus, documents related to

9

Burns' service as acting regional manager are not covered by the plain language of RFP # 2."))  Here, Plaintiff's motion asks the Court to compel Defendant to produce records concerning

> (1) all air traffic controllers in the Eastern and Great Lakes Regions who, while under a letter of termination pending completion of a treatment rehabilitation plan (TRP) were found to have failed there TRP but were nonetheless not terminated from employment, and (2) any other air traffic controller in the Eastern and Great Lakes Regions who was terminated for failure to accept their status as an alcoholic or refused to commit to abstain from alcohol.

Dkt. No. 33 at 1. This category of documents was not encompassed within Plaintiff's previously-served document requests.

> Plaintiff's Request Number 29, as revised, sought

> All documentation showing for how long a period of time [proposed comparator], an air traffic controller subject to a TRP, was restricted from returning to normal air traffic control duties, whether he successfully completed his TRP, and, if not, whether he was subjected to a second TRP, and for how long he was restricted thereafter from returning to normal air traffic control duties.

Dkt. Nos. 38-5 at 6, 33-2 at 2.  Thus, Request Number 29 was directed to a specific employee, whereas the motion now seeks documents concerning a broader class of FAA employees. The distinction is consequential. The Court's task on this motion to compel is to determine whether Defendant's response or objection to a discovery request actually served was sufficient.  Defendant cannot be compelled under Rule 37 to supplement his response to Request Number 29 by producing documents that Request Number 29 did not seek.  Nor is it appropriate to adjudicate Defendant's objections to a discovery request that was never formally presented  in the first instance.

Plaintiff's broader comparator theory may explain why he now seeks additional records, but it does not expand the scope of the document request he previously served. The Court, therefore, expresses no view as to whether the broader comparator discovery described in Plaintiff's motion would, if properly requested, satisfy the requirements of Rule 26(b)(1). The issue presently before the Court is narrower. Accordingly, to the extent Plaintiff seeks an order compelling Defendant to produce comparator documents beyond those encompassed within his previously-served discovery requests, the motion is denied.

### 2. **Document Request Number. 29**

The Court turns next to the discovery request that Plaintiff actually served, Request No. 29.  Defendant objects to Request Number 29 principally on the grounds that (1) the identified employee is not similarly situated to Plaintiff; (2) the employee's conduct differed materially from Plaintiff's conduct;
(3) the requested records contain sensitive medical, rehabilitation, and personnel information; (4) the records are protected by applicable confidentiality requirements; and (5) Plaintiff has already obtained some or all of the relevant TRP information directly from the employee.

The question before the Court is not whether Plaintiff is entitled to discovery concerning the broader universe of potential comparators described in his motion, rather, whether the documents sought in Request Number 29 are relevant and proportional to the needs of this case under Rule 26(b)(1), considering the privacy interests implicated by disclosure of a nonparty employee's medical, rehabilitation, and

personnel information, the applicable confidentiality requirements, and the allegation that Plaintiff already has some of the requested documents.

The identified employee in Request Number 29 and Plaintiff appear to be similar in the following ways: both (1) were FAA employees, (2) were subject to the FAA's substance-related employment policies(3) were engaged in alcohol-related conduct that resulted in placement into a TRP, (4) were required to comply with the TRP as a condition of continued employment; (5) allegedly experienced issues concerning compliance with, or completion of, the TRP process; and (6) allegedly experienced issues concerning compliance with, or completion of, the TRP process.  The central distinction between the two, according to Defendant, is the nature of the initial conduct; plaintiff's TRP arises from an alleged positive alcohol test occurring on duty, while he was working in a safety-sensitive position as an air traffic controller, distinguishing him from the potential comparator.

Defendant does not dispute that comparator evidence is potentially relevant to Plaintiff's claims.  *See* Dkt. No. 38 at 3,4.  "Discovery into potential comparators is a well-recognized purpose of discovery in an employment discrimination or retaliation case." *Felder v. Warner Bros. Discovery*, No. 23 CIV. NO. 08487 (AT) (GS), 2025 WL 1718098, at *4 (S.D.N.Y. June 20, 2025).  "[T]he standard for comparing conduct requires a reasonably close resemblance of the facts and circumstances of plaintiff's and comparator's cases, rather than a showing that both cases are identical." *Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000).  "Moreover, for purposes of discovery, [plaintiff] need not establish that his potential comparators are similarly situated to him in all material respects." *Felder,* 2025 WL 1718098, at *5.

12

Balancing the similarities with the distinctions, the Court finds a "reasonably close resemblance" of facts and circumstances. Accordingly, the Court requires Defendant to produce those documents as requested in Document Request Number 29, as more specifically outlined below.

### a. **Nature and Scope of the Documents Requested**

Request Number 29 specifically seeks

All documentation showing for how long a period of time [proposed comparator], an air traffic controller subject to a TRP, was restricted from returning to normal air traffic control duties, whether he successfully completed his TRP, and, if not, whether he was subjected to a second TRP, and for how long he was restricted thereafter from returning to normal air traffic control duties.

Dkt. Nos. 38-5 at 6, 33-2 at 2.

Defendant objects principally on the grounds that the proposed comparator is not similarly situated to Plaintiff, discussed *supra*, and that the request seeks highly-sensitive medical, rehabilitation, and personnel information concerning a nonparty and is information protected by various confidentiality provisions.

The Court does not construe Request Number 29, by its terms, as seeking the proposed comparator's personnel file, disciplinary, or medical records.  Rather, it seeks "[a]ll documentation" establishing discrete facts concerning the comparator's participation in the TRP process: the duration of any restriction from normal air traffic control duties, whether the comparator successfully completed the TRP, whether an unsuccessful TRP resulted in placement on a second TRP, and the duration of any resulting restriction from normal duties.  Although documents responsive to the request may be maintained within personnel, medical, or rehabilitation files, the request does

13

not seek production of those files in their entirety.   Accordingly, Defendant's legitimate concerns regarding the confidentiality of nonparty medical and personnel information must be considered in determining the appropriate scope and manner of production, but the Court does not construe Request Number  29 as a demand for wholesale production of the comparator's personnel or medical records.

Accordingly, Plaintiff's motion to compel a response to Request Number 29 is granted in part.  Defendant shall produce documents *sufficient to show*: (1) the length of time the proposed comparator was restricted from performing normal air traffic control duties in connection with the TRP; (2) whether the comparator successfully completed that TRP; (3) if not successful, whether the comparator was thereafter placed on a second TRP; and (4) the length of time, if any, that the comparator remained restricted from performing normal air traffic control duties thereafter.  Defendant need not produce the comparator's personnel file, medical file, or TRP file in their entirety and may redact medical, treatment, and other personal information that is unrelated to these four categories of information.  Any documents produced shall be subject to the protective order the Court previously entered in this action.

## IV.  Conclusion

Wherefore, for the reasons set forth herein, it is hereby:

**ORDERED**, that Plaintiff's Motion to Compel, Dkt. No. 33, is **GRANTED IN PART AND DENIED IN PART:**

(1) The motion is **GRANTED** to the following extent: within fourteen (14) days of the filing date of this Memorandum-Decision & Order, Defendant is to produce

documents in response to Document Request Number 29 as outlined *supra*;

and

(2) The motion is **DENIED** in all other respects.

**IT IS SO ORDERED.**

Dated: July 22, 2026
Albany, New York

_____
Paul J. Evangelista
U.S. Magistrate Judge

15